UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ETHAN MCROREY, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 7:23-cv-00047-O |
| MERRICK B. GARLAND, in his Official Capacity as Attorney General of the United States, and the FEDERAL BUREAU OF INVESTGATION, | § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunctions, and/or Permanent Injunction (ECF No. 2), filed May 12, 2023.[1] Under the federal rules, a Court may issue a temporary restraining order ("TRO") *ex parte*, without written or oral notice to an adverse party, *only if*:

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movants' attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1); *see also Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415 (5th Cir. 2013) ("[a] temporary restraining order requires verification in the motion of the immediate need for the order, the efforts that had been taken to contact the adverse party, and a time limit for the order—14 days"). The standard for issuance of an *ex parte* TRO is an exacting one. The reason for placing "stringent restrictions" upon TROs is "that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been

---

[1] This case originated with Plaintiffs' Complaint (ECF No. 1), filed on May 12, 2023. Given Plaintiffs' recent filing of the case, the docket reflects Defendants have not been served or otherwise appeared.

granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974).

Ordinarily, such orders are permissible where notice is impossible because the opposing party is unknown or is unable to be found. *See First Tech. Safety Sys. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 2003) (citing *Am. Can Co.v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Such an order may also be appropriate if notice to the adverse party "would render fruitless further prosecution of the action." *Id.* This latter scenario exists in limited circumstances, i.e., "(1) there is an imminent threat of the destruction of the disputed property; (2) there is an imminent threat that property will be removed beyond the confines of the state; or (3) there is an imminent threat that the property will be sold to an innocent third party." *Adelman v. Zapata Cty.*, 2009 WL 10715842, at *1 (S.D. Tex. Mar. 4, 2009) (citing *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979)).

Plaintiffs' motion does not indicate that the circumstances here justify proceeding without formal notice to Defendants. Thus, it does not appear that Plaintiffs seek an *ex parte* order. Accordingly, Plaintiffs must provide notice to Defendants of their request, and, **no later than May 17, 2023**, Plaintiffs must file a notice on the docket explaining the details of the notice they provide. Defendants are **ORDERED** to file any response to Plaintiffs' motion on or before **May 22, 2023**. Plaintiffs are **ORDERED** to file any reply on or before **May 26, 2023**.

**SO ORDERED** this **12th day** of **May, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE